UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-6075-VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMIEL JOSEPH TRAZO,

    Defendant.
_____/

## **DETENTION ORDER**

On March 5, 2024, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Amiel Joseph Trazo ("Defendant") should be detained prior to trial.[1] The Government orally moved to detain Defendant on the ground that he presents a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, the facts contained in the Pretrial Services Report ("PSR"), and the arguments of counsel, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance in this case if Defendant is released prior to trial. Therefore, the Court orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

    1.    Defendant is charged by Complaint with transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and possession of child pornography, in violation of 18 U.S.C.

---

[1] The transcript of the proceeding is incorporated by reference.

§ 2252(a)(4)(B). If convicted of transportation of child pornography, Defendant faces a mandatory minimum sentence of 5 years and a possible maximum statutory sentence of 20 years in prison. If convicted of possession of child pornography, Defendant faces a possible maximum statutory sentence of 20 years in prison. Defendant faces an estimated guideline sentencing range of 96-108 months in prison.

2. Because the offense involves transportation of child pornography, there is a rebuttable presumption that no condition or combination of conditions would reasonably assure Defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). Defendant offered no evidence to rebut this presumption.

3. The evidence against Defendant is substantial. At the detention hearing, the Government proffered evidence and a law enforcement agent testified that:

a. The National Center of Missing and Exploited Children ("NCMEC") works with internet and electronic payment service providers to generate investigative leads, known as "CyberTips," that assist law enforcement in identifying individuals distributing or possessing images and videos of the sexual exploitation of minors.

b. Law enforcement received nine CyberTips from NCMEC regarding Defendant's receipt of child sexual abuse material. Defendant, a citizen of the Philippines, was a crew member working on the Disney Dream cruise ship.

c. On January 17, 2024, the Disney Dream cruise ship arrived at Port Everglades. Law enforcement conducted a border search and preliminarily reviewed Defendant's electronic devices, including an iPhone 15 Pro Max (SN KJWPLVH70) and iPhone 7 Plus (SN DX3Y42TAHG04).

      d.      Upon a preliminary inspection of Defendant's iPhone 15 Pro Max, law enforcement discovered two videos of child pornography.  The first video depicts a girl (approximately 12-14 years old) exposing her breasts and vagina.  In the second video, an adult male inserts his penis into a 6-8 year old child's vagina.

      e.      Upon a full forensic review of Defendant's devices, law enforcement discovered additional videos and images of child sexual abuse material, including an image of a naked girl (approximately 10-14 years old) performing oral sex on an adult male.

      f.      After being advised of and waiving his *Miranda* rights, Defendant admitted to using Facebook Messenger to receive links to files of sexually explicit material depicting children under the age of 10.  Defendant stated that he belongs to a group chat where he receives images of underage children.  Defendant also stated that he shared these images on Facebook Messenger with his friends and a girlfriend in order to "tease" them.  Defendant further admitted that he "needs help," "knows it's wrong," and "it is bad for his religion."

4.      Defendant's history and personal characteristics also support pretrial detention. The Court incorporates and makes part of this Order the facts contained in the PSR.  Defendant has no status in the United States and substantial ties to the Philippines.  Defendant was born in the Philippines, and his family resides there.  Moreover, given the lengthy term of imprisonment Defendant faces if convicted, Defendant may flee to his home country to avoid prosecution.  Thus, Defendant presents a serious risk of flight.

5.      Based on the above findings of fact, the nature of the charged offenses, and the overall weight of the evidence, the Court finds by a preponderance of the evidence that no

conditions or combination of conditions will reasonably assure Defendant's appearance in this case if Defendant is released prior to trial.

Accordingly, the Court hereby directs that:

    a.    Defendant be detained without bond;

    b.    Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    c.    Defendant be afforded reasonable opportunity for private consultation with his counsel; and

    d.    On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on March 7, 2024.

*(signed)* Alicia O. Valle
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:    Pretrial Services
       U.S. Marshals Service,
       All Counsel of Record